UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN THE MATTER OF KEWEENAW
EXCURSIONS, INC.,, as owner of the
Keweenaw Star for Exoneration from
or limitation of liability,

        Petitioner,

Case No. 2:09-CV-50

v.

HON. GORDON J. QUIST

JO-ANN JAUKKURI, Personal Representative
of the Estate of Jesse James Jaukkuri,

        Respondent.
_____/

## MEMORANDUM ORDER

Petitioner, Keweenaw Excursions, Inc., as owner of the KEWEENAW STAR, has filed a petition for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, *et seq.*, arising out of an incident that occurred on October 4, 2007, in which Jesse James Jaukkuri, a passenger aboard the vessel, fell overboard and was fatally injured when he was struck by the vessel's propeller. In support of its petition, Petitioner submitted an affidavit from its Vice-President, Kraig Funkey, who stated that Petitioner purchased the KEWEENAW STAR in 2000 for $450,000. On March 6, 2009, this Court entered an Order Approving Security in the amount of $450,000, being the value of the KEWEENAW STAR, as established by the Funkey affidavit. The Order further provided that "any party, including Petitioner, may apply to the Court to have the amount of said security increased or reduced, as the case may be, on the determination of appraisement under the provisions of Rule F(7), F.R.C.P."

Respondent has moved to dismiss the petition, arguing that it fails to comply with the requirements of Rule F. Rule F(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides, in relevant part:

> The complaint shall set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited. It shall state . . . the value of the vessel at the close of the voyage . . . . and the amount of any pending freight recovered or recoverable.

Respondent contends that the petition is subject to dismissal because Petitioner failed to allege the value of the vessel at the time the claim arose or at the conclusion of the voyage, as required by Rule F(2). Respondent asserts that proof of the purchase price of the vessel in 2000, several years prior to the incident at issue here, is insufficient to determine the value of the vessel of the conclusion of the voyage – the point at which the value of a vessel is fixed for purposes of limitation of liability.

The Court will deny Respondent's motion because she fails to cite, nor does the Court's own research disclose, any authority for the proposition that a court must dismiss a petition for an improper valuation of a vessel. It is well-recognized that although the value of a vessel must be established at the conclusion of the voyage, there are a number of methods for determining the value. *See The Complaint of N. Am. Trailing Co.*, 763 F. Sup. 152, 154-55 (E.D. La. 1998) (discussing rules for determining the market value of a repairable vessel). "Making this assessment is not governed by a talismanic formula, but instead is to be based upon 'a reasonable judgment having its basis in a proper consideration of all relevant facts.'" *Cody v. Phil's Towing Co.*, 247 F. Supp. 2d 688, 694 (W.D. Pa. 2002) (quoting *Standard Oil of N.J. v. S. Pac. Co.*, 268 U.S. 146, 156, 45 S. Ct. 465, 467 (1925)). The cases Respondent cites, *In re Petition of Banker's Trust Co.*, 569 F. Supp. 386 (E.D. Pa. 1983), and *In re Petition of Bloomfield Steamship Co.*, 298 F. Supp. 1239 (S.D.N.Y. 1969), are

inapposite because they involved collisions between vessels. In *Banker's Trust*, the vessel was a "total loss," and in *Bloomfield*, the parties stipulated to the value of The Bloomfield immediately before the collision. Here, there was no collision and no damage to the KEWEENAW STAR, and rules for valuing a vessel that suffered damage or was a total loss do not necessarily apply. Moreover, Respondent has cited no case holding that the purchase price is not an acceptable basis for valuing a vessel at the time of a subsequent collision. *Cf. In re Complaint of Ira Levenshon*, 407 F. Supp. 2d 1349, 1350 (S.D. Fla. 2005) (noting that the personal representative's motion to increase the security of the vessel might have had merit had she shown, among other things, that the purchase price of the vessel was higher than the surveyed value). Finally, Respondent failed to contest the valuation set by the Order Approving Security by filing a motion to increase the value of the security, which would have been the proper remedy if she had a basis to conclude that value of the vessel was insufficient. Such a motion, not dismissal, is the proper remedy for an insufficient valuation. *Id.*

Therefore,

**IT IS HEREBY ORDERED** that Respondent''s Motion To Dismiss Petition (docket no. 25) is **DENIED**.


Dated: December 2, 2009                             /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE